The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before deputy Commissioner Neill Fuleihan. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On the date of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, the employee-employer relationship existed between plaintiff and defendant employer.
3. At such time, defendant employer was self-insured with Key Risk Management Services as third party administrator.
4. Plaintiff's average weekly wage is to be determined by a Form 22.
5. The date of the alleged injury giving rise to this claim is 26 February 1993 (subsequent testimony shows the date should have been 23 February 1993).
6. Industrial Commission Forms 19, 33 and 33R are received into evidence.
7. Medical records from Dr. John Williams and Dr. J. M. McWhorter are received into evidence.
* * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff is 59 years of age. She began employment with defendant employer on 28 January 1993 as an activities assistant. In this capacity, plaintiff was required to assist with the patients' activities, including tasks such as moving patients, singing and otherwise helping with music, exercising, reading to patients, assisting with lunch and pushing wheelchairs. Plaintiff's job required her to bend at the waist 50-100 times per day in order to perform such tasks as locking and unlocking wheelchair wheels, pushing wheelchairs, making eye contact with patients and setting up bowling pins.
2. On 23 February 1993, plaintiff was assisting in bowling activity, which required her to set up plastic pins weighing approximately three-quarters of a pound each and return a plastic bowling ball weighing approximately two pounds to the area from which patients were bowling. While plaintiff was bending over to set up bowling pins she felt a sharp pain in her right leg between her knee and her hip. Later that day, plaintiff told this to her supervisor, Sandy Woods.
3. Plaintiff continued to work for several weeks until her initial leg pain began to radiate up into her back. Plaintiff first saw Dr. Williams, her family physician, for complaints of right leg, right hip, and back pain on 16 March 1993, for which she was treated conservatively. Following diagnostic testing of plaintiff, Dr. Williams suspected plaintiff's symptoms were related to a central herniated disc at L4-5 with calcification, chronic-disc disease at L5-S1 and a diffuse disc bulge at L3-4. Dr. Williams referred plaintiff to Dr. McWhorter, a neurosurgeon for a second opinion.
4. Plaintiff saw Dr. McWhorter on 29 March 1993, at which time she complained of right leg and right hip pain. Dr. McWhorter performed a neurological examination of plaintiff and determined that she was normal neurologically. Dr. McWhorter related plaintiff's symptoms of leg pain and hip pain to trochanteric bursitis for which he treated plaintiff conservatively. Follow-up examination by Dr. McWhorter confirmed this diagnosis.
5. On March 22, 1993, Dr. Beerman diagnosed plaintiff as having central herniation extending slightly to the right of midline at the L4-5 level with either partial calcification of the herniated disc or calcification of the longitudinal ligament. Moreover, there was evidence of chronic disc disease at the L5, S1 level as well as some air noted posterior to the vertebral margin. There was a diffuse bulge of the disc at the L3-4 level.
6. On 13 April 1993, plaintiff complained of back pain to Dr. Williams in addition to her complaints of continued symptoms of right leg and right hip pain.
7. Following continued conservative treatment, plaintiff was released by Dr. Williams to return to work on December 7, 1993; however, plaintiff's employment with defendant had ended on April 2, 1993.
8. Plaintiff has trochanter bursitis in the right lower extremity and chronic disc disease at L5-S1 with central herniated disc with calcification at L4-5, and a diffuse disc bulge at L3-4.
9. On 23 February 1993, plaintiff did in fact experience an interruption of her normal work routine and the introduction thereby of unusual circumstances likely to result in unexpected consequences during the course and scope of her employment with defendant-employer.
10. The incident of bending over and setting up bowling pins on 23 February 1993 occurred during a cognizable time and was contemporaneous with the onset of sharp pain in plaintiff's right leg between her right knee and right hip. There is sufficient evidence of record from which to determine by its greater weight that plaintiff sustained an injury to her back as a result thereof. Plaintiff's symptoms of right leg and right hip pain have not been shown to be causally related to her existing back condition.
11. There is sufficient evidence of record from which to determine by its greater weight that plaintiff's employment with defendant placed her at an increased risk of developing trochanter bursitis as compared to members of the general public not so exposed.
12. There is sufficient evidence of record from which to determine by its greater weight that plaintiff's employment with defendant employer caused, or was a significant contributing factor in the development of, plaintiff's trochanter bursitis.
13. There is sufficient evidence of record from which to determine by its greater weight that plaintiff's trochanter bursitis was caused by intermittent pressure in the employment.
14. There is sufficient evidence of record from which to determine by its greater weight that plaintiff sustained a diminution in her wage earning capacity as a result of her employment with defendant employer.
* * * * * * * * * * * * * *
Based upon the finding of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On February 23, 1993, plaintiff did sustain an injury by accident arising out of and in the course of her employment with defendant employer. G.S. § 97-2(6).
2. Plaintiff's trochanter bursitis is due to causes and conditions characteristic of and peculiar to her employment with defendant employer and is, therefore, an occupational disease. G.S. § 97-53(13).
3. Plaintiff's trochanter bursitis was caused by intermittent pressure in the employment. G.S. § 97-53(17).
4. Plaintiff, therefore, is entitled to compensation for an injury by accident or an occupational disease under the North Carolina Workers' Compensation Act. G.S. § 97-2(6); G.S. § 97-52; G.S. § 97-53(13) (17).
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law plaintiff's claim must be, and the same is hereby GRANTED.
2. Plaintiff was temporarily totally disabled from March 17, 1993 to December 7, 1993. Defendants shall pay plaintiff in the amount of $113.33 per week for this time period stated above. N.C.G.S. § 97-29.
3. The defendants shall pay all medical expenses incurred by the plaintiff as a result of the March 17, 1993 injury by accident.
3. Subject to counsel's fee, defendants shall compensate plaintiff in the amount of $113.33 per week from March 17, 1993 to December 7, 1993. All of said compensation having accrued, it shall be paid in a lump sum.
4. An attorney fee of 25% of the compensation awarded to the plaintiff is hereby approved and allowed to plaintiff's attorney. Said attorney fee shall be deducted from the compensation payable to the plaintiff and paid directly to said attorney.
5. Defendants shall pay the costs due this Commission.
FOR THE FULL COMMISSION
 S/ ___________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ___________________________ LAURA K. MAVRETIC COMMISSIONER
CMV/cnp/mj